# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY J. WALLACE, | ) | CASE NO. 5:12CV2945 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DOLGEN MIDWEST, LLC, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is plaintiff Jeffrey J. Wallace's motion to remand (Doc. No. 9), defendant Dolgen Midwest, LLC's memorandum in opposition (Doc. No. 13), and plaintiff's reply (styled as a "response") (Doc. No. 19). For the reasons discussed below, plaintiff's motion is **GRANTED** and this case is **REMANDED** to the Summit County Court of Common Pleas.

## I. BACKGROUND

On November 8, 2012, plaintiff Jeffrey J. Wallace ("Wallace" or "plaintiff") filed an action in the Summit County Court of Common Pleas against Dolgen Midwest, LLC, identified as Dollar General Store, and two John Does, one alleged to be the manager of the relevant Dollar General Store and the other an employee. (Doc. No. 1-1.) The complaint was served on November 16, 2012.

Plaintiff alleged in his complaint that he was a district sales manager for Red Bull Distributing Corporation whose duties included visiting certain locations to stock shelves and assist subordinates in updating merchandise. (Doc. No. 1-1 at 5, ¶ 5.) On or about November 22, 2011, his supervisors suddenly approached him and advised him that "[Dollar General] Store, its managers, employees and persons operating with them," had accused him of shoplifting while he

was in the store stocking the shelves several months before. He denied the accusation. (Doc. No. 1-1 at 6, ¶ 6.) His supervisor advised him that, because of the accusations, he was terminated effective immediately. (Doc. No. 1-1 at 6, ¶ 7.) Plaintiff alleges that defendants defamed him, maliciously and intentionally, and discriminated against him on the basis of race in violation of Ohio Rev. Code § 4112.02(g).

On November 29, 2012, defendant Dolgen Midwest, LLC ("Dolgen" or "defendant") timely filed a notice of removal asserting diversity as the basis for this Court's jurisdiction. (Doc. No. 1.)

On December 5, 2012, prior to the filing of any responsive pleading, plaintiff filed his first amended complaint (Doc. No. 7), adding one Lora Wakefield, an Ohio resident alleged to have "assisted employees at Dollar General Store who contributed toward providing false, misleading and inappropriate information regarding [p]laintiff[,]" and to have "referred to [p]laintiff as a thief." (Doc. No. 7 at 47, ¶ 5.) The amended complaint seeks recovery against all defendants, including Ms. Wakefield individually. (Doc. No. 7 at 48, ¶ 14.)

On December 17, 2012, plaintiff filed the instant motion to remand, asserting that there is not complete diversity of citizenship. (Doc. No. 9.) Later, on the same date, defendants filed their answer to the first amended complaint. (Doc. No. 10.)

## II. DISCUSSION

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, [sic] may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." When determining whether a civil action is

removable solely on the basis of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

"The party that removed the case to federal court bears the burden of establishing federal subject matter jurisdiction." *Village of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008) (citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996)).[1] "The general rule is that diversity is determined at the time of the filing of a lawsuit." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006).

It is true that complete diversity existed at the time of removal, rendering the removal proper under § 1441. However, plaintiff amended his complaint after removal, but prior to the filing of any responsive pleading, as was his right under Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once *as a matter of course* within [. . .] 21 days after serving it[.]) (emphasis added).[2] "A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it is subsequently modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case." *Broyles v. Corr. Med. Servs., Inc.*, No. 1:07cv690, 2010 WL 989711, at *1 (W.D. Mich. Feb. 25, 2010). Therefore, once plaintiff filed his first amended complaint naming a non-diverse defendant, no subject matter jurisdiction remained; diversity was destroyed.

In its opposition, defendant relies upon 28 U.S.C. § 1447(e) to argue that it is within this Court's discretion to deny post-removal amendment of the complaint if the amendment would destroy diversity. Section 1447(e) provides: "If after removal the plaintiff

---

[1] "[R]emoval statutes are to be narrowly construed." *Palkow v. CSX Transp. Inc.*, 431 F.3d 543, 555 (6th Cir. 2005) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941), quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.")).

[2] As already noted, the complaint was served on November 16, 2012 and the amended complaint was filed nineteen (19) days later, on December 5, 2012.

3

*seeks to join* additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." (emphasis added.) However, under the circumstances of this case, plaintiff was not required to *seek* joinder (i.e., to move for it) as he had the right under Rule 15(a)(1)(A) to amend his pleading once as a matter of course. Therefore, there was nothing for this Court to "deny" and Section 1447(e) offers defendants no refuge.[3]

Defendants next argue that the non-diverse defendant who was added by way of the first amended complaint is a sham defendant whose fraudulent joinder should not be permitted to destroy the diversity that existed at the time of removal.

"'When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined.'" *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, No. 11-3601, 2013 WL 216026, at *3 (6th Cir. Jan. 22, 2013) (quoting *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012), quoting *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)). "'To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law.'" *Id.* (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492-93 (6th Cir. 1999)). As noted by the Sixth Circuit:

> [I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the

---

[3] The Court agrees with defendants that *Curry*, *supra*, is not the best case to rely upon, but for a different reason than argued by defendants. In *Curry*, a responsive pleading had already been filed by the time plaintiff sought leave to amend to add a non-diverse party. Because the district court exercised its discretion under § 1447(e) to grant the amendment, which destroyed diversity, § 1447(c) required remand. The procedural facts of the instant case differ from those in *Curry*.

4

controlling state law in favor of the non-removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne*, 183 F.3d at 493 (internal quotation marks and citation omitted). "The combination of the 'colorable' standard with the requirement that all ambiguities of state law are to be resolved in favor of the non-removing party presents a significant hurdle. A defendant attempting to prove fraudulent joinder thus faces a particularly heavy burden." *Kent State*, 2013 WL 216026, at *4.

Here, defendant has not and cannot meet the test in *Coyne*. Defendant's sole argument is that plaintiff *cannot prevail* against Ms. Wakefield because of the alleged existence of an arbitration agreement.[4] Plaintiff's claim against Ms. Wakefield sounds in defamation. Plaintiff argues in response to defendant's opposition that the arbitration agreement, if it applies at all, would have no bearing on this state law claim.

Whether or not plaintiff can prevail on the defamation claim against Ms. Wakefield in the face of an arbitration agreement is a question on the merits. Given the parties' differing legal and factual views with respect to this claim, it is not "clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). If this Court lacks jurisdiction, and it does, defendant's argument in this regard cannot be resolved here.

---

[4] Defendant also asserts that Ms. Wakefield is not and has never been its employee (Doc. No. 13 at 84), as if this would preclude adding her as a defendant. It further asserts, without any basis, that her "involvement in the instant case is unclear and tenuous at best." (*Id.*) However, the allegations against her in the amended complaint are quite clear and not tenuous. (*See*, Doc. No. 7 at 47, ¶ 7 and First Cause of Action.) These arguments and assertions of defendant have so little merit that the Court need not address them further.

5

## III. CONCLUSION

For the reasons set forth herein, the Court concludes that plaintiff's first amended complaint, legitimately filed under Rule 15(a)(1)(A), divested this Court of diversity jurisdiction. Accordingly, plaintiff's motion to remand (Doc. No. 9) is **GRANTED** and this case is **REMANDED** to the Summit County Court of Common Pleas.


**IT IS SO ORDERED**.


Dated: February 12, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**