UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY J. WALLACE, | ) | CASE NO. 5:12CV2945 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DOLGEN MIDWEST, LLC, et al., | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |

## I. INTRODUCTION

The above-captioned case is currently closed, having been remanded to the Summit County Court of Common Pleas on February 12, 2013. (Doc. Nos. 20, 21.) Now before the Court is a "Renewed Notice of Removal." (Doc. No. 24.) The substance of the document, however, is more in the nature of a motion to reconsider the order of remand on the basis of "changed circumstances with respect to the diversity of the parties." The document also asserts that removal is proper and timely under the removal statutes.

On July 21, 2014, the Court directed defendant[1] to show cause why the case should not be re-remanded on the basis of untimeliness. Defendant filed its response (Doc. No. 27), plaintiff filed his opposition (Doc. No. 28), and defendant filed a reply (Doc. No. 29).

## II. DISCUSSION

At the time defendant Dolgen Midwest LLC (incorrectly identified as Dollar General Store) originally removed this case on November 29, 2012 (having been served on November 16, 2012), there was complete diversity of citizenship. Defendant did not immediately

---

[1] Dolgen Midwest is currently the only named defendant.

file an answer to the complaint (or any other responsive pleading). Plaintiff, under Fed. R. Civ. P. 15(a)(1)(A), filed an amended complaint on December 5, 2012 that added a defendant (Lora Wakefield) who destroyed diversity. Therefore, the Court issued its order of remand, concluding that the amended complaint, filed "once as a matter of course," had destroyed diversity jurisdiction.

After the remand, by judgment entry dated June 9, 2014, the state court dismissed Wakefield. (*See* Doc. No. 24-3.) On July 7, 2014, defendant filed the "Renewed Notice of Removal" presently before the Court, asserting that diversity jurisdiction was revived by the changed circumstance of the absence of Wakefield.

When the Court issued its order to show cause, it expressed concern about the timeliness of the re-removal. Defendant's response to the show cause order now persuades the Court that timeliness is not an issue. The Court, therefore, turns to defendant's request to renew the notice of removal based on changed circumstances.

This case was initially removable on the basis of diversity of citizenship and was, in fact, timely removed under 28 U.S.C. § 1446(b)(1). As already noted, plaintiff immediately amended the complaint, before defendant filed any responsive pleading to the initial complaint. In the order of remand, the Court stated:

> In its opposition [to plaintiff's motion to remand], defendant relies upon 28 U.S.C. § 1447(e) to argue that it is within this Court's discretion to deny post-removal amendment of the complaint if the amendment would destroy diversity. Section 1447(e) provides: "If after removal the plaintiff *seeks to join* additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." (emphasis added.) However, under the circumstances of this case, plaintiff was not required to *seek* joinder (i.e., to move for it) as he had the right under Rule 15(a)(1)(A) to amend his pleading once as a matter of course. Therefore, there was nothing for this Court to "deny" and Section 1447(e) offers defendants no refuge.

(Doc. No. 20 at 138-39, footnote omitted.)

Upon reconsideration, the Court now adopts the reasoning of other district courts that have recognized "an inherent tension between Fed. R. Civ. P. 15(a), which allows a plaintiff to amend a complaint without leave of Court prior to the filing of a responsive pleading, and 28 U.S.C. § 1447(e), which allows a Court to deny the joinder of non-diverse defendants whose joinder would destroy subject matter jurisdiction." *Reigel v. Canyon Sudar Partners, L.L.C.*, Civil Action No. 07-cv-00595-MSK-MJW, 2007 WL 3274430, at *2 (D. Colo. Nov. 5, 2007); *see also Collins v. Nat'l Gen. Ins. Co.*, No. 10-13344, 2010 WL 4259949, at *1-2 (E.D. Mich. Oct. 25, 2010). These courts have concluded that, although typically a plaintiff can amend once as a matter of course prior to the filing of a responsive pleading, where, as here, "'the addition of a party will destroy the court's jurisdiction and prejudice the other party, the general rule prevails that leave of court is necessary.'" *Drew v. Rebuild America, Inc.*, No. 1:13CV384-LG-JMR, 2013 WL 6179184, at *1 (S.D. Miss. Nov. 25, 2013) (citations omitted); *see also, e.g.*, *Hauerwaus v. Allied Waste Servs. of North America, L.L.C.*, No. CV 12-22-M-DLC-JCL, 2012 WL 1378460, at *2 (D. Mont. Mar. 26, 2012) ("Section 1447(e) is controlling even if the plaintiff has attempted to exercise his or her right to amend a pleading once as a matter of course under Fed. R. Civ. P. 15.") (citation omitted); *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011) (plaintiff "may not circumvent 28 U.S.C. § 1447(e) by relying on Fed. R. Civ. P. 15(a) to join non-diverse parties."); *Spradlin v. NPC Intern., Inc.*, No. 4:08CV04075 JMM, 2009 WL 801621, at *2 (E.D. Ark. Mar. 25, 2009).

In light of this case law, instead of remanding the case, the Court probably should have simply stricken plaintiff's first amended complaint, which improperly added a diversity-

destroying defendant. Instead, the Court remanded, and now, in view of the state court's ruling on remand, that defendant is no longer a party to the case. Therefore, there is no bar to removal.

### III. CONCLUSION

For the reasons set forth, the Court concludes that timeliness of removal is not an issue; the case was timely removed. The Clerk is directed to reopen this case. To clarify the record, however, in view of the state court's dismissal of Lora Wakefield, the Court sua sponte strikes the first amended complaint. (Doc. No. 7.) The operative complaint is the document attached to the notice of removal.

**IT IS SO ORDERED**.

Dated: August 29, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**