UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY J. WALLACE, | ) | CASE NO. 5:12-cv-2945 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DOLGEN MIDWEST, LLC, et al., | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |

### INTRODUCTION

On November 21, 2014, without leave, plaintiff filed a second amended complaint adding a new party defendant who would destroy diversity jurisdiction. (Doc. No. 36 ["SAC"].) Contemporaneously, plaintiff filed a motion to remand (Doc. No. 37), which defendant Dolgen Midwest, LLC ("Dolgen Midwest")[1] opposed (Doc. No. 42). The new defendant, Susan Stull ("Stull") filed a motion to strike the SAC (Doc. No. 40 ["MTS"]), which Dolgen Midwest joined (Doc. No. 41). Plaintiff filed his opposition to the MTS (Doc. No. 51 ["Pl. Opp'n"]), and Stull and Dolgen Midwest filed a joint reply (Doc. No. 53 ["Defs. Reply"]). Plaintiff also belatedly filed a motion for leave to file his SAC (Doc. No. 47), which Dolgen Midwest and Stull have jointly opposed (Doc. No. 50).

---

[1] The original complaint refers to this defendant as "Dollar General Store." There seems to be no dispute that the correct entity is Dolgen Midwest, LLC, dba Dollar General Store.

**DISCUSSION**

In the Case Management Plan and Trial Order issued on October 30, 2014, the Court set November 28, 2014 as the deadline for motions seeking leave to add parties or amend pleadings. (*See* Doc. No. 35 at 239.)[2] Notwithstanding this directive, plaintiff simply filed his SAC, prompting Stull's motion to strike, which in turn prompted plaintiff's motion for leave to amend, filed after the November 28th deadline.

Aside from plaintiff's procedural violations, which this Court would certainly have discretion to excuse, Stull (joined by Dolgen) argues that the SAC should be stricken and leave to amend denied because the amendment would be futile. They assert that the first cause of action (for defamation) is barred by the statute of limitations and the second cause of action (for racial discrimination at a place of public accommodation under Ohio Rev. Code § 4112.02(G)) fails to state a plausible claim for relief.[3]

Plaintiff's claims arise from the following facts alleged in the original complaint, which names three defendants: Dollar General Store, John Doe #1 (identified as "Manager of Dollar General Store"), and John Doe #2 (who "will be identified during the period of discovery[,]" but is believed to be "an employee or an associate of employees at Dollar General Store who contributed toward providing false, misleading and inappropriate information regarding [p]laintiff"). (Doc. No. 1-1 ["Compl."] ¶¶ 2-4.)

Plaintiff alleges that on January 1, 2011 he was employed by Red Bull Distributing Corporation as a district sales manager, which required that he visit certain retail

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

[3] The MTS also seeks sanctions against plaintiff for unreasonably and vexatiously multiplying this litigation, but the request is unsupported by any legal argument other than a citation to Fed. R. Civ. P. 11. The Court declines to grant this request.

2

locations, including Dollar General Store, to stock shelves and assist his subordinates in updating merchandise. (*Id.* ¶ 5.) Although the allegation by Dollar General Store may have been made earlier, on November 22, 2011, plaintiff was advised by his supervisors that defendants accused him of shoplifting while in the store restocking shelves, an allegation that plaintiff denies. (*Id.* ¶ 6.) As a result of these claims, Red Bull immediately terminated plaintiff's employment. (*Id.* ¶ 7.)

Plaintiff asserts, in his first cause of action, that this constituted defamation on the part of defendants and, in his second cause of action, that he was assumed to be a thief only because he is African-American, in violation of Ohio Rev. Code § 4112.02(G).

In the SAC, plaintiff alleges that Stull is the Manager of Dollar General Store, making her a substitution for John Doe #1. (SAC ¶ 5.) The SAC eliminates all mention of John Doe defendants, including John Doe #2, but names Dollar General Store and Dolgen Midwest, LLC as the other two defendants. (*Id.* ¶¶ 3, 4.) It does not appear that Dolgen Midwest could possibly be a substitute for John Doe #2. The SAC alleges that Stull was the person who accused plaintiff of shoplifting while stocking shelves with white employees, resulting in the termination of his employment (*Id.* ¶¶ 7, 8.) Plaintiff alleges that defendants "followed their policy and procedure." (*Id.* ¶ 11.) He further alleges that he was never charged with a crime, nor was he approached while in the store. (*Id.*) He claims that defendants "caused him to lose his job and injure[d] his reputation and good name[.]" (*Id.* ¶ 12.) He further claims that "other (white) employees of Red Bull [who] were in the Store during the same period of time" were not accused of shoplifting, and that he was accused only because he is African-American. (*Id.* ¶¶ 16, 19.)

This case was removed from state court on the basis of diversity. Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Although whether to grant leave to amend is within this Court's discretion, leave may be denied when there is a "justifying reason," such as "futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). In *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005), the court held that "[a]mendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss."

Defendants argue that amending to add Stull should be denied because the proposed defamation claim against her is time-barred. The alleged defamatory accusation of shoplifting was allegedly made on or before November 22, 2011. Under Ohio Rev. Code § 2305.11(A), a claim for libel or slander must be commenced "within one year after the cause of action accrued[.]" Although the original complaint was filed on November 8, 2012 in state court, the SAC, filed without leave on November 21, 2014, was fully two years too late.

Plaintiff argues in opposition that defendants were "well-aware that Wallace planned to substitute John Doe #2 with a named defendant when he learned of the employee's identity." (Pl. Opp'n at 336, citing Compl. ¶ 4.) Defendants argue that any purported knowledge they *may* have had regarding facts and/or intentions of plaintiff do not cure the time-barred status of the defamation claim, and plaintiff cites no authority to the contrary.[4]

---

[4] The Court also notes, although this was not pointed out by defendants, that "John Doe #2" is not the John Doe identified in the complaint as the store manager, the position held by Stull under which plaintiff currently seeks to name her. (*Compare* Compl. ¶¶ 2, 3, 4 to SAC ¶¶ 3, 4, 5.)

4

Plaintiff also argues that, under Fed. R. Civ. P. 15(c), his naming of Stull relates back to the original filing date. He asserts that defendants "intentionally concealed Stull's identity until this Court ordered otherwise." (*Id.* at 337.) But relation back, as properly argued by defendants, does not apply in these circumstances. Plaintiff relies upon *Krupski v. Costa Crociere, S.p.A.*, 560 U.S. 538, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010), where an incorrect defendant was named and later replaced with the correct defendant by way of amendment under Rule 15. Overruling the lower courts, the Supreme Court held that the amendment did relate back because the correct defendant knew or should have known that it would have been named as a defendant but for an error by plaintiff. *Id.* at 548. But the Sixth Circuit has rejected application of *Krupski* to situations where the amendment is merely substituting the name of a party for a "John Doe" defendant.

In *Smith v. City of Akron*, 476 F. App'x 67 (6th Cir. 2012), the court stated: "*Krupski*'s problem is not Smith's problem. Smith did not make a mistake about which defendant to sue; he simply did not know whom to sue or opted not to find out within the limitations period." *Id.* at 69. Rule 15(c) "allows relation back for the mistaken identification of defendants, not for defendants to be named later through 'John Doe,' 'Unknown Defendants' or other missing appellations." *Id.*; *see also Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 433-34 (6th Cir. 2013) ("We have previously held that an absence of knowledge is not a mistake, as required by Rule 15(c)(1)(C)(ii).") (citing *Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996) ("Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties.")). If this were not so, John Doe pleadings could be "'used to circumvent statutes of limitations[.]'" *Cox*, 75 F.3d at 240 (quoting *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993)).

Plaintiff's argument that he should be entitled to equitable tolling of the limitations period is also unavailing. He asserts that, had defendant Dolgen Midwest not refused to supply Stull's name, he would have timely named her as a defendant. But this same argument was rejected in *Brown*, where the Sixth Circuit noted that under *Smith*, "a plaintiff who 'simply did not know whom to sue' similarly cannot qualify for relation back under Rule 15(c)(1)(C)." *Brown*, 517 F. App'x at 434 (quoting *Smith*, 476 F. App'x at 69).

Next defendants argue that amendment with respect to the claim of racial discrimination in public accommodations in count two of the SAC is equally futile because it fails to state a claim to relief that is plausible on its face. (MTS at 284, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

Ohio Rev. Code § 4112.02 provides that "[i]t shall be an unlawful discriminatory practice: . . . (G) [f]or any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race, color, religion, sex, military status, national origin, disability, age, or ancestry, the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation."

The SAC makes no such allegation; it merely alleges generally that plaintiff, only because he is African-American, was singled out for an accusation that he shoplifted while he "was in the store several months prior, while stocking shelves with white employees." (SAC ¶ 7.) It does not allege that plaintiff, as a customer, was deprived of any services of the defendants, that he was removed from the store, that anyone said anything hostile to him or accused him of shoplifting at the time. *See, e.g.*, *Bansal v. Mt. Carmel Health Sys.*, No. 10AP-1207, 2011 WL 33590992, at *6 (Ohio Ct. App. Aug. 4, 2011) (rejecting a claim made by a doctor under §

6

4112.02(G) that he was discriminatorily removed from the emergency room on-call list of defendant hospital; concluding that the statute applies only to patients and other customers of the hospital, not to one of its doctors). Further, "[m]erely invoking his race while outlining his claim does not entitle [plaintiff] to pursue relief [under § 4112.02(G)]." *Smedley v. Dunkin Doughnuts, Inc.*, No. 73740, 1998 WL 895369, at *4 (Ohio Ct. App. Dec. 17, 1998) (citation omitted).

## CONCLUSION

For the reasons discussed above, defendant Stull's motion to strike the second amended complaint, joined by defendant Dolgen Midwest (Doc. No. 40), is **GRANTED** and Doc. No. 36 is stricken from the record. Further, plaintiff's motion for leave to file the second amended complaint (Doc. No. 47) is **DENIED**. Finally, plaintiff's motion to remand (Doc. No. 37) is **DENIED as moot**.

The operative complaint remains the one attached to the notice of removal. All deadlines set forth in the Case Management Plan and Trial Order remain in effect.

**IT IS SO ORDERED**.

Dated: February 24, 2015

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**